**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JoAnne Daphne Ellis, ) | No. CIV 07-508-PHX-MHM |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Barton L. Baker; et al., ) | |
| ) | |
| Defendant. ) | |
| ) | |

Currently before the Court is Defendant Barton L. Baker's Motion to dismiss for lack of jurisdiction. (Dkt.#4). After reviewing the pleading and finding oral argument to be unnecessary, the Court issues the following Order.

**I.     Procedural History & Background**

On March 8, 2007, Plaintiff JoAnne Daphne Ellis ("Plaintiff") filed her complaint against Defendants Barton L. Baker ("Defendant Baker"); Earl B. Oakes, Zidafin, LTD, Revilio Gourmet, LTD, and Oliver Wolff. (Dkt.#1). Notably, in the section entitled "Jurisdiction" Plaintiff stated that "[n]o diversity of citizenship exists as between the parties and Plaintiff and all Defendants are residents of the State of Arizona, all in Yuma County. (Dkt.#1, p.2). Plaintiff's complaint expressly asserted claims of: (1) fraud and deceit; (2) misrepresentation of law; (2) breach of contract; (3) breach of contract and covenant of good faith and fair dealing; and (4) breach of promise to dismiss action. (Dkt.#1). On March 15, 2007, Defendant Baker filed the instant Motion to dismiss on the basis of lack of subject

1  matter jurisdiction to support Plaintiff's claims. (Dkt.#4). Defendant Baker noted that none
2  of Plaintiff's claims were based upon federal statute as well as that Plaintiff expressly
3  acknowledged the lack of diversity between the Parties to jurisdiction under . On March 23,
4  2007, Defendant Baker filed his answer to Plaintiff's claims. (Dkt.#5). On March 26, 2007,
5  Plaintiff attempted to amend her complaint as a matter of right under Rule 15(a) of the
6  Federal Rules of Civil Procedure. However, because Defendant Baker had previously filed
7  his answer; Plaintiff's amended complaint was lodged with the Court. (Dkt.#6,7). On March
8  29, 2007, Plaintiff responded to Defendant's Motion to dismiss and argued that the amended
9  complaint should be filed and that such filing would cure the Defendant's jurisdictional
10 challenge. (Dkt.#9). Specifically, to cure the jurisdictional challenge, Plaintiff sought to add
11 K. Ross Johnston, a resident of California and to correct the residence of existing Defendant
12 Earl B. Oakes from Arizona to Oregon. (Id. p.3). By amending the complaint, Plaintiff
13 asserted that Plaintiff's amended complaint "[met] the criteria under 28 Section 1332
14 regarding diversity of citizenship [and] amount in controversy . . . ." (Id. p.2). Moreover,
15 after the Defendant's Reply brief was submitted on April 10, 2007, Plaintiff filed a
16 supplemental response on May 4, 2007. (Dkt.#17). Specifically, in the supplemental
17 response, Plaintiff asserted for what appears the first time, that jurisdiction could also be
18 based upon federal question jurisdiction under 28 U.S.C. § 1331 because of purported
19 allegations implicating the due process clause of the United States Constitution. (Id. p.2).

**II.    Analysis**

When a plaintiff moves to dismiss a complaint for lack of subject matter jurisdiction, the plaintiff bears the burden of proof that the court has jurisdiction to decide the claim. Thornhill Publ'n v. General Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979). Federal courts can only adjudicate cases which the Constitution or Congress authorize them to adjudicate; which are cases involving diversity of citizenship, or a federal question, or those cases to which the United States is a party. See e.g. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). Diversity jurisdiction cases are proper where the amount in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332.

1  No plaintiff can be a citizen of the same state as any of the defendants. <u>Strawbridge v.
2  Curtiss</u>, 7 U.S. 267, 267 (1806); <u>see also</u> <u>Allstate Ins. Co. v. Hughes</u>, 358 F.3d 1089, 1095
3  (9th Cir. 2004) ("Diversity jurisdiction under § 1332 requires complete diversity of
4  citizenship, each of the plaintiffs must be a citizen of a different state than each of the
5  defendants.").

6        In the instant case, the Court finds that both Plaintiff's original and amended
7  complaint are fatally flawed with respect to any showing of federal jurisdiction based upon
8  diversity of citizenship between the Parties. Given the early stages of this case, this Court
9  is inclined to grant Plaintiff's request for leave to amend. However, this amendment does
10 not cure the jurisdictional defect. Notably, while Plaintiff's amended complaint adds a
11 Defendant with residency in California and changes residency of one of the Defendants to
12 Oregon, such amendment does not cure the fact that there is still common residency between
13 Plaintiff and certain Defendants, such as Defendant Baker, *i.e.*, Arizona. Importantly, there
14 must be complete diversity between <u>all</u> parties to an action. See <u>Newman-Green, Inc. v.
15 Alfonzo-Larrain</u>, 490 U.S. 826, 829 (1989) ("When a plaintiff sues more than one defendant
16 in a diversity action, the plaintiff must meet the requirements of the diversity statute for *each*
17 defendant or face dismissal.") (citation omitted) (emphasis in original). As such, diversity
18 jurisdiction under 28 U.S.C. § 1332 is clearly lacking in this case based upon the common
19 Arizona residency between Plaintiff and certain Defendants. The fact that Plaintiff has added
20 certain Defendants domiciled outside of Arizona does not cure this jurisdictional defect.

21       Lastly, in considering Plaintiff's newly raised argument in its supplement response
22 as to the existence of federal question jurisdiction, this argument misses the mark as well.
23 As a preliminary matter, the supplemental response was submitted without leave of the Court
24 and approximately one month after Defendant Baker's reply brief, thus raising questions as
25 to the propriety of the supplemental response. In addition, the supplemental response does
26 not somehow impute the existence of federal claims in Plaintiff's amended complaint where
27 none existed previously. For instance, Plaintiff asserts the existence of federal question
28 jurisdiction based upon the caption of her original complaint which contains the phrase

1  "Intentional Interference with Due Process and Misrepresentation of Law." (Dkt.#1).
2  However, no such phrase is asserted in Plaintiff's amended complaint, which is the only
3  viable complaint because an amended complaint supersedes the original complaint and may
4  not incorporate by reference any parts of the original complaints. London v. Coopers &
5  Lybrand, 644 F.2d 811, 814 (9th Cir. 1981); see Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th
6  Cir. 1992) (holding defendants not named in amended complaint are no longer defendants).
7  These rules govern actions filed by pro se litigants as well as litigants represented by counsel.
8  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Moreover, even if the Court looked
9  to the original complaint, the plain allegations clearly invoke claims of state law and not
10 federal question.  Thus, considering that Plaintiff fails to assert any proper basis for subject
11 matter jurisdiction before this Court, whether it be by diversity of the Parties or federal
12 question, the Court is obligated to dismiss this matter as it lacks subject matter jurisdiction
13 to hear Plaintiff's claims.

14        Because it appears that Plaintiff may have diversity between certain of the Defendants
15 named in this litigation, the Court will give Plaintiff an opportunity to amend her amended
16 complaint to properly demonstrate jurisdiction in this Court against such Defendants. See
17 Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980) (holding that leave to amend
18 should be denied only if it is clear deficiency of complaint cannot be cured);  Wilkerson v.
19 Butler, 229 F.R.D. 166, 169 (E.D. Cal. 2005) (dismissing complaint for lack of subject matter
20 jurisdiction with leave to amend).

21        **Accordingly**,

22        **IT IS HEREBY ORDERED** granting Plaintiff's Motion for leave to File an
23 Amended Complaint. (Dkt.#6).

24        **IT IS HEREBY ORDERED** granting Defendant Baker's Motion to Dismiss for
25 lack of jurisdiction. (Dkt.#4).   Plaintiff's Amended Complaint is dismissed without
26 prejudice and with leave to amend.  Plaintiff is directed to file any amended complaint
27 complying with the Court's order within twenty (20) days of the date this Order is filed.
28

1 **IT IS FURTHER ORDERED** denying as moot all pending motions to be re-filed
2 as appropriate should Plaintiff file an amended complaint consistent with the leave given
3 by the Court.

4 **IT IS FURTHER ORDERED** directing the Clerk to dismiss this matter without
5 prejudice and without further notice should Plaintiff not timely file an amended complaint
6 as directed by the Court.

7 DATED this 10th day of October, 2007.

_____
Mary H. Murguia
United States District Judge