1    **WO**

2

3

4

5

6                IN THE UNITED STATES DISTRICT COURT

7                    FOR THE DISTRICT OF ARIZONA

8

9    JOANNE DAPHNE ELLIS,              )    No. CV 07-508-PHX-MHM
                                       )
10           Plaintiff,                )
                                       )    **ORDER**
11   v.                                )
                                       )
12                                     )
     K. ROSS JOHNSTON, et al.,         )
13                                     )
             Defendants.               )
14                                     )
                                       )
15   _____)

16

17           Currently before the Court is Plaintiff Joanne Daphne Ellis's ("Plaintiff') motion to

18   compel Barton L. Baker ("Baker") to accept service of process.  (Dkt. #58).  On October

19   12, 2007, the Court granted Baker's motion to dismiss for lack of jurisdiction, dismissed

20   Plaintiff's amended complaint without prejudice and with leave to file a second amended

21   complaint.  (Dkt. #53).  On November 1, 2007, Plaintiff filed a second amended complaint

22   that eliminated all original defendants and named only Kevin Ross Johnston ("K. Ross

23   Johnston") and Does 1-20 as Defendants.  On November 7, 2007, a summons was issued

24   as to K. Ross Johnston; service of that summons was attempted upon Baker on December

25   4, 2007, but was returned unexecuted after Baker refused to accept service of process

26   stating that "he no longer represents K. Ross Johnston."  (Dkt. #57).  Then, on December

27   4, 2007, Plaintiff filed the instant action to compel Baker to accept service of process on

28   behalf of K. Ross Johnston.  (Dkt. #58).

1      Plaintiff contends that the Court should grant her motion to compel Baker to accept

2   service of process on behalf of K. Ross Johnston because Baker previously represented K.

3   Ross Johnston in a case that is related to the instant action.  An agent's authority to accept

4   service may be implied in fact from the surrounding circumstances.  Gibbs v. Hawaiian

5   Eugenia Corp., 581 F.Supp. 1269, 1271 (S.D.N.Y. 1984); see also 4A Charles A. Wright

6   & Arthur R. Miller, Federal Practice & Procedure §1097, at 84-85 (2d ed. 1987)

7   ("[A]lthough authority to accept process need not be explicit, it must either be express or

8   implied form the type of relationship between defendant and the alleged agent.").

9   However, an attorney does not become an agent for process simply because the attorney

10   previously represented the defendant in an earlier action.  U.S. v. Ziegler Bolt & Parts Co.,

11   111 F.3d 878, 881 (Fed. Cir. 1997); Grandbouche v. Lovell, 913 F.2d 835 (10th Cir. 1990)

12   (holding that the mere relationship between a defendant and his attorney does not, by

13   itself, convey authority to accept service of process).  For an attorney to be considered an

14   agent for process, he or she must have been appointed for that precise task.  Santos v. State

15   Farm Fire & Cas. Co., 902 F.2d 1092, 1094 (2d Cir. 1990); see also 4A Wright & Miller

16   §1097, at 85-86 ("[D]efendant's attorney probably will not be deemed an agent appointed

17   to receive process absent a factual basis for believing that an appointment of this type has

18   taken place.").

19      Plaintiff provides the Court with no indication that Baker was granted the authority

20   to accept service of process on behalf of K. Ross Johnston in the instant action.  Indeed,

21   although Plaintiff submits as an exhibit the first page of a 2004 affidavit of K. Ross

22   Johnston that states that at that time Baker represented K. Ross Johnston, Plaintiff

23   provides the Court no information to indicate that Baker still represents K. Ross Johnston,

24   let alone that K. Ross Johnston gave Baker the authority, express or implied, to accept

25   service on his behalf.  Thus, the Court can not find that Baker presently represents K. Ross

26   Johnston or that he possesses the explicitly or implicit authority to accept service of

27   process on behalf of K. Ross Johnston in the instant action.

28

1       In addition, Plaintiff refers to Baker as counsel of record for K. Ross Johnston and

2  requests that the Court not allow Baker to withdraw as such, but Baker has not sought to

3  withdraw, and he is and has never been counsel of record for K. Ross Johnston in the

4  instant action.  Baker is counsel of record in this action only to the extent that he was

5  defending himself as one of the original named defendants.  However, Plaintiff dismissed

6  Baker as a Defendant in her second amended complaint filed on November 1, 2007.  Thus,

7  Baker is neither a party in this action, counsel of record for K. Ross Johnston, nor his

8  agent for purposes of service of process.  As such, Plaintiff must either serve K. Ross

9  Johnston himself or an agent of K. Ross Johnston that has been explicitly or implicitly

10  granted the authority to accept service of process on his behalf in the instant action.

11      **Accordingly,**

12      **IT IS HEREBY ORDERED** that Plaintiff's motion to compel (Dkt. #58) is

13  DENIED.

14      DATED this 19th day of February, 2008.

Mary H. Murgula
United States District Judge

- 3 -