**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| JOANNE DAPHNE ELLIS, | ) | No. CV 07-0508-PHX-MHM |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| K. ROSS JOHNSTON, a.k.a. KEVIN ROSS JOHNSTON, and Does 1-20, inclusive, | ) | |
| Defendants. | ) | |

Currently pending before the Court is Defendant's Motion for Attorneys' Fees. (Dkt. #89). Plaintiff did not respond. After reviewing the motion and pertinent case law, the Court enters the following order.

**I.     BACKGROUND**

On March 8, 2007, Plaintiff JoAnne Ellis ("Plaintiff") filed a complaint against Defendants Barton L. Baker ("Defendant Baker"); Earl B. Oakes, Zidafin, LTD, Revilio Gourmet, LTD, and Oliver Wolff.  (Dkt. #1).  Plaintiff's complaint asserted claims of: (1) fraud and deceit; (2) misrepresentation of law; (2) breach of contract; (3) breach of contract and covenant of good faith and fair dealing; and (4) breach of promise to dismiss action.  (Id.).

On March 15, 2007, Defendant Baker filed a motion dismiss on the basis of lack of subject matter jurisdiction.  (Dkt. #4).  Defendant Baker also filed an Answer to Plaintiff's

claims. (Dkt. #5). Plaintiff subsequently sought to file an Amended Complaint on March 26, 2007, seeking to, among other things, add K. Ross Johnston, a.k.a. Kevin Ross Johnston, as a defendant. (Dkt. #s 6, 7). The Court granted Plaintiff leave to file an Amended Complaint, but also granted Defendant Baker's motion for lack of jurisdiction and dismissed Plaintiff's Amended Complaint without prejudice and with leave to amend. (Dkt. #53).

Plaintiff filed a Second Amended Complaint on November 1, 2007, dismissing all original defendants and asserting claims of fraud and deceit, breach of contract, intentional interference with due process, intentional misrepresentation of the law, promissory fraud and breach of promise to dismiss, and breach of the covenant of good faith and fair dealing, against only K. Ross Johnston (a.k.a. Kevin Ross Johnston) ("Defendant"). (Dkt. #56). Defendant filed an Answer to Plaintiff's complaint on March 25, 2008. (Dkt. #61). Then, on June 5, 2008, Defendant filed a motion to dismiss Plaintiff's Second Amended Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. #73).

On June 6, 2008, the Court directed Plaintiff to timely respond to Defendant's motion to dismiss and advised her that failure to respond to the motion could be deemed as consent to summarily granting the motion under Local Rule of Civil Procedure ("LRCiv") 7.2(i). (Dkt. #74, p.1). The Court also cautioned Plaintiff that failure to comply with the Court's orders could result in dismissal of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 41(b). (Id., p.2). Yet Plaintiff did not respond, and on August 14, 2008, the Court summarily granted Defendant's motion and dismissed the action. (Dkt. #78).

On August 27, 2008, Plaintiff filed a motion for reconsideration, alleging that she had in fact mailed to the Court a response to Defendant's Motion to Dismiss. (Dkt. #81). Plaintiff attached a document entitled "Plaintiff's Response to Defendant Johnston's Motion to Dismiss." (Id., Ex. A). In an abundance of caution, on November 25, 2008, the

Court granted Plaintiff's Motion for Reconsideration, directed Plaintiff to file her response with the Court, and cautioned Plaintiff that failure to comply with the Court's order would result in summarily granting a renewed motion to dismiss, if filed by the Defendant. (Dkt. #84).

Plaintiff did not file her response with the Court, and on December 2, 2008, Defendant filed a renewed motion to dismiss Plaintiff's Second Amended Complaint for failure to state a claim. (Dkt. #85). Rather than immediately granting Defendant's motion, the Court once again ordered Plaintiff to file a response and cautioned Plaintiff that failure to do so would result in the Court summarily granting the motion pursuant to LRCiv 7.2(i). (Dkt. #86). But Plaintiff did not comply with the Court's order or respond to the motion to dismiss, and thus the Court summarily granted Defendant's motion and directed the Clerk to close the case. (Dkt. #87).

Defendant filed a Motion for Attorneys' Fees on February 4, 2009. (Dkt. #89). On February 9, 2009, the Court received mail sent to Plaintiff returned as undeliverable. (Dkt. #90). Handwritten on the returned envelope is the following: "Return to Sender. JoAnne died in San Mateo, CA. 10-11-2008." (Id.). No activity has taken place in this case since that time.

## II. MOTION FOR ATTORNEYS' FEES

Defendant moves the Court for an award of attorneys' fees in the amount of $8,568.75 pursuant to Federal Rule of Civil Procedure 54(d)(2) and A.R.S. §§ 12-341 and 12-341.01. (Dkt. #89).

First, with respect to the handwritten statement that Plaintiff passed away in October 2008, the Court notes that it has no way of independently confirming that statement's veracity. However, if Plaintiff did in fact pass away in October 2008, that would explain why she did not comply with the Court's November 25, 2008 order directing her to file her response to Defendant's motion to dismiss. Nonetheless, the Court cannot take judicial notice of unverifiable facts not in evidence. In addition, Defendant

has taken no position on this issue and no party has filed a motion to substitute under Federal Rule of Procedure 25(a).[1] Accordingly, the Court will evaluate Defendant's motion without reference to the handwritten statement.

Second, a party moving for attorneys' fees must establish that it is eligible and entitled to an award, and that the requested award is reasonable. See LRCiv 54.2(c). A successful party in an action arising out of a contract, is eligible for an award of reasonable attorneys' fees pursuant to A.R.S. § 12-341.01(A). See Sparks v. Republic Nat'l Life Ins. Co., 132 Ariz. 529, 544 (1982). "In deciding whether to award fees under A.R.S. § 12-341.01(a), [courts] consider several factors: (1) the merits of the unsuccessful defense, (2) whether the litigation could have been avoided, (3) whether an award would cause extreme hardship, (4) whether plaintiff completely prevailed, (5) the novelty of the legal issues, and (6) whether an award would discourage parties with tenable claims from litigating." BBQ Hut, Inc. v. Maelin Enterprises, LLC, 2008 WL 2687685, at *2 (D. Ariz. 2008) (citing Associated Indem. Corp. v. Warner, 143 Ariz. 567, 570 (1985)). "An award of attorneys' fees pursuant to this statute is discretionary in nature, and no presumptions arise in favor of the prevailing party." Biltmore Associates, LLC v. Twin City Fire Ins. Co., 2007 WL 496766, at *1 (D. Ariz. 2007) (citing Associated Indem. Corp., 143 Ariz. at 569).

Here, Defendant's motion for attorneys' fees states only that "Defendant has prevailed in a legal proceeding related to the breach of contract and is [thus] entitled to recover attorneys' fees and costs" under A.R.S. § 12-341.01. (Dkt. #89, p.3). Defendant fails to mention, let alone discuss, any of the above factors that this Court must consider in deciding whether to exercise its discretion to award attorneys' fees under A.R.S. § 12-341. That in and of itself is reason enough for the Court to decline to grant Defendant's motion

---

[1]Rule 25(a) prescribes the procedure for substituting a party when a plaintiff or defendant in the pending litigation dies during the course of the proceedings. Fed.R.Civ.P. 25(a).

for attorneys' fees.  In addition, having summarily granted Defendant's motion to dismiss based on Plaintiff's failure to respond, the Court has never addressed the merits of Plaintiff's claims, and thus cannot conclude at this time that the first factor weighs in favor of awarding attorneys' fees.  The same can essentially be said for the remaining factors: Defendant's motion simply fails to present sufficient – or any – evidence for the Court to determine whether the factors guiding the Court's discretion weigh in favor of or against an award of attorneys' fees.  Furthermore, Plaintiff's "failure to respond does not in and of itself authorize a judgment against [her] if the motion fails to demonstrate the movant's entitlement to the requested relief."  Zimmerman v. Shakman, 204 Ariz. 231, 237 (Ariz. App. Div. 1 2003) (citations omitted).  Therefore, in light of Defendant's failure to address or explain why any of the factors guiding the Court's discretion under A.R.S. § 12-341.01 weigh in favor of awarding attorneys' fees in this action, the Court will decline to exercise its discretion.

**Accordingly,**

**IT IS HEREBY ORDERED** denying Defendants' Motion for Attorneys' Fees. (Dkt. #89).

DATED this 5th day of August, 2009.

Mary H. Murguia
United States District Judge